**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| Amerimax Building Products, Inc., | § | |
| | § | |
| Plaintiff, | § | Case No. 4:09cv154 |
| v. | § | |
| | § | |
| Crane Co., | § | |
| Crane Composites, Inc., and | § | |
| Noble Composites, Inc. | § | |
| | § | |
| Defendants. | | |

## COMPLAINT

Plaintiff Amerimax Building Products, Inc. for its Complaint against Defendants Crane Co., Crane Composites, Inc., and Noble Composites, Inc. alleges as follows:

### Nature and Basis of Action

1.      This is an action for Declaratory Judgment, injunctive and other relief brought under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2.      Plaintiff Amerimax Building Products, Inc. ("Amerimax BP") requests declarations that: (i) it does not infringe any valid claim of 6,755,633 B2 issued June 29, 2004 ("the '633 patent") and (ii) one or more of the claims of the '633 patent are invalid.  A copy of the '633 patent is attached hereto as Exhibit A.

### The Parties

3.      Plaintiff Amerimax BP is a corporation organized and existing under the laws of Delaware, having a principal place of business at 5208 Tennyson Parkway Suite 100, Plano, TX 75024 and is doing business in this State and District.

4.      Upon information and belief, Defendant Crane Co. ("Crane") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100

First Stamford Place, Stamford, CT 06902 and is doing business in this State and District.

5.      Upon information and belief, Defendant Crane may be served with process by serving its registered agent, CT Corp. System, 350 N. Saint Paul Street, Dallas, TX 75201.

6.      Upon information and belief, Defendant Crane Composites, Inc. ("Crane Composites") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 23525 W. Eames Street, Channahon, IL 60410 and is doing business in this State and District.  Upon information and belief, Crane Composites is a subsidiary of Crane.

7.      Upon information and belief, Defendant Crane Composites may be served with process by serving its registered agent, CT Corp. System, 350 N. Saint Paul Street, Dallas, TX 75201.

8.      Upon information and belief, Defendant Noble Composites, Inc. ("Noble") is a corporation organized and existing under the laws of Delaware, having a principal place of business at Crane Co. 100 First Stamford Place, Stamford, CT 06902 and is doing business in this State and District.  Upon information and belief, Noble is a subsidiary of Crane Composites.

9.       Upon information and belief, Defendant Noble may be served with process by serving its registered agent, CT Corp. System, 251 E. Ohio Street Suite 1100, Indianapolis, IN 46204.

10.     Upon information and belief, Owens Corning Intellectual Capital LLC (the assignee listed on the face of the '633 patent) assigned the '633 patent to Noble on September 14, 2007.  Upon information and belief, as the assignee of the '633 patent, Defendant Noble purportedly holds title to and is the owner of whatever rights, if any, may exist in the '633 patent.

**Jurisdiction and Venue**

11.      Ameirmax BP seeks declaratory relief under the Declaratory Judgment Act.  This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.  The amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

12.      This Court has personal jurisdiction over Defendants Crane, Crane Composites, and Noble (collectively "Defendants") pursuant to the laws of the State of Texas and the United States Constitution, including the Texas long-arm statute TX. CIV. PRAC. & REM. § 17.042 (2001), and the Due Process Clause of the Fifth Amendment.  Defendants maintain systematic and continuous contacts with the State of Texas sufficient to confer general jurisdiction over Defendants in Texas.  On information and belief, Defendants have had substantial contacts with the State of Texas relating to the '633 patent sufficient to confer specific jurisdiction.

13.      Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

14.      Defendants have asserted Ameirmax BP infringes the '633 via the manufacture and sale of Ameirmax BP's "Fusion" fiberglass reinforced panel product, creating an actual justiciable case or controversy between Ameirmax BP and Defendants concerning Ameirmax BP's non-infringement and invalidity of the '633 patent and thereby entitling Ameirmax BP to a declaration of its rights.

## COUNT I

**Declaration of Non-Infringement of the '633 Patent**

15.      Ameirmax BP reincorporates and realleges the allegations of Paragraphs 1 through 14 above as if fully set forth herein.

16.      Ameirmax BP has not and does not infringe any valid claim of the '633 patent,

either directly or indirectly.  For example and without limitation, Amerimax BP has previously informed Defendants that it does not infringe the '633 patent at least because Amerimax BP's manufacturing process accused of infringing does not employ the "guide mechanism" required by claims 1 and 20, the only two independent claims of the '633 patent.

17.     Defendants' allegations of infringement have placed and continue to place a cloud over Amerimax BP's right to manufacture and sell its Fusion [THP] fiberglass reinforced panels within the United States and will cause uncertainty among Amerimax BP's customers and prospective customers and elsewhere in the marketplace, leading Amerimax BP to lose sales and business opportunities.

18.     Through its assertions of infringement, Defendants have caused Amerimax BP to be in the position of either pursuing allegedly infringing behavior or abandoning the manufacture and sale of Fusion [THP] fiberglass reinforced panels, which Amerimax BP claims it has the right to legally do.  There is therefore an actual controversy between Amerimax BP and Defendants, parties with adverse legal interests.

19.     As a direct and proximate result of Defendants' assertion of infringement of the '633 patent, Amerimax BP is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

20.     A judicial declaration that Amerimax BP does not infringe any valid claim of the '633 patent is, therefore, appropriate and necessary.

## COUNT II

### Declaration of Invalidity of the '633 Patent

21.     Amerimax BP reincorporates and realleges the allegations of Paragraphs 1 through 20 above as if fully set forth herein.

22.     Upon information and belief, one or more of the claims of the '633 patent is invalid for failure to comply with the provisions of one or more of the following statutes:  35 U.S.C. §§ 102(a)-(g), 103, and 112.

23.     Defendants' allegations of infringement place a cloud over Amerimax BP's right to manufacture and sell its Fusion $^{THP}$ fiberglass reinforced panels within the United States and will cause uncertainty among Amerimax BP's customers and prospective customers and elsewhere in the marketplace, leading Amerimax BP to lose sales and business opportunities.

24.     Through its assertions of infringement, Defendants have caused Amerimax BP to be in the position of either pursuing allegedly infringing behavior or abandoning the manufacture and sale of Fusion $^{THP}$ fiberglass reinforced panels, which Amerimax BP claims it has the right to legally do.  There is therefore an actual controversy between Amerimax BP and Defendants, parties with adverse legal interests.

25.     As a direct and proximate result of Defendants' assertion of infringement of the '633 patent, Amerimax BP is suffering irreparable injury to its reputation and goodwill in an amount that cannot presently be ascertained and cannot be adequately compensated by monetary relief alone.

26.     A judicial declaration that one or more of the claims of the '633 patent is invalid is, therefore, appropriate and necessary.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Amerimax BP prays for judgment:

A.      That Amerimax BP does not infringe any valid claim of U.S. Patent No.

6,755,633 B2;

B.      That the each and every claim of U.S. Patent No. 6,755,633 B2 is invalid;

C.      That this case is exceptional and awarding Amerimax BP its attorneys' fees and

costs incurred in this action, pursuant to 35 U.S.C. § 285; and

D.      Granting Amerimax BP such additional relief as the Court may deem just and

proper.


Dated this 6th day of April, 2009.


                                Respectfully submitted,


                                _/s/ Jason W. Cook_____
                                Jason W. Cook
                                Lead Attorney
                                Texas Bar No. 24028537
                                **ALSTON & BIRD, LLP**
                                Chase Tower, Suite 3601
                                2200 Ross Avenue
                                Dallas, Texas 75201
                                Phone: (214) 922-3407
                                Fax:    (214) 922-3899
                                Email: jason.cook@alston.com

                                **ATTORNEY FOR PLAINTIFF**
                                **AMERIMAX BUILDING PRODUCTS, INC.**

OF COUNSEL:

Frank G. Smith, III (Ga. Bar No. 657550)
frank.smith@alston.com
Kamran Jivani (Ga. Bar No. 510908)
kamran.jivani@alston.com
**ALSTON & BIRD, LLP**
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Phone: (404) 881-7000
Fax:    (404) 881-7777