## UNITED STATES DISTRICT COURT
## EASTERN DISTICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| AMERIMAX BUILDING PRODUCTS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:09-cv-154 |
| CRANE CO., CRANE COMPOSITES, INC., AND NOBLE COMPOSITES, INC., | § § § § | |
| Defendants. | § § | |

## DEFENDANT NOBLE COMPOSITES, INC.'S
## FIRST AMENDED ANSWER AND COUNTERCLAIM

Defendant Noble Composites, Inc. ("Noble") files its First Amended Answer and Counterclaim in response to Amerimax Building Products, Inc.'s ("Amerimax") Complaint ("Complaint"). In response to the specific allegations of the Complaint, Noble states:

1.  Noble admits that Amerimax purports to bring an action for declaratory judgment. Noble denies the remaining allegations in Paragraph 1 of the Complaint.

2.  Noble admits that Amerimax is requesting declaratory judgments and that a copy of the '633 patent is attached to the Complaint. Noble denies the remaining allegations in Paragraph 2 of the Complaint.

3.  Noble lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint. Accordingly, Noble denies the allegations in Paragraph 3 of the Complaint.

4.  Noble admits that Crane Co. is a Delaware corporation with its principal place of business in Stamford, Connecticut. Noble denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Crane Co. waived service of process. Accordingly, Noble denies the allegations contained in Paragraph 5 of the Complaint.

6. Noble denies the allegations contained in Paragraph 6 of the Complaint.

7. Crane Composites, Inc. waived service of process. Accordingly, Noble denies the allegations contained in Paragraph 7 of the Complaint.

8. Noble denies the allegations contained in Paragraph 8 of the Complaint.

9. Noble waived service of process. Accordingly, Noble denies the allegations contained in Paragraph 9 of the Complaint.

10. Noble admits that it is the owner of the '633 Patent. Noble denies the remaining allegations contained in Paragraph 10.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Noble denies the allegations contained in Paragraph 11 of the Complaint and denies that Amerimax is entitled to any relief it seeks.

12. Noble denies the allegations contained in Paragraph 12 of the Complaint.

13. Noble denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Noble denies the allegations in Paragraph 14 of the Complaint.

## COUNT I

### Declaration of Non-Infringement of the '633 Patent

15. Noble repeats and alleges Paragraphs 1 through 14 above as if fully set forth herein.

16. Noble denies the allegations contained in Paragraph 16.

17. Noble lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint. Accordingly, Noble denies the allegations in Paragraph 17 of the Complaint.

18. Noble lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint. Accordingly, Noble denies the allegations in Paragraph 18 of the Complaint.

19. Noble denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 contains legal conclusions that require no answer. To the extent a response is deemed required, Noble denies the allegations contained in Paragraph 20 of the Complaint and denies that Amerimax is entitled to any relief it seeks.

## COUNT II

### Declaration of Invalidity of the '633 Patent

21. Noble repeats and alleges Paragraphs 1 through 20 above as if fully set forth herein.

22. Noble denies the allegations contained in Paragraph 22 of the Complaint.

23. Noble lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint. Accordingly, Noble denies the allegations in Paragraph 23 of the Complaint.

24. Noble lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint. Accordingly, Noble denies the allegations in Paragraph 24 of the Complaint.

25. Noble denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 contains legal conclusions that require no answer. To the extent a response is deemed required, Noble denies the allegations contained in Paragraph 26 of the Complaint and denies that Amerimax is entitled to any relief it seeks.

27. Noble denies that Amerimax is entitled to any of the relief requested in its Prayer for Relief.

28. Noble denies each and every allegation in the Complaint not specifically admitted, specifically denied, or denied on the basis of insufficient knowledge or information.

## COUNTERCLAIM

### The Parties

1. Noble is a corporation organized and existing under the laws of the State of Indiana, with a principal place of business at 100 First Stamford Place, Stamford, CT 06902.

2. Upon information and belief, Amerimax is a corporation organized and existing under the laws of Delaware, with a principal place of business at 5208 Tennyson Parkway, Suite 100, Plano, TX 75024 and is doing business in this State and District. Amerimax may be served by serving its counsel of record.

### Jurisdiction

3. This counterclaim arises under the patent laws of the United States of America, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Amerimax by virtue of Amerimax's filing of its Original Complaint and because Amerimax's principal place of business is in Plano, Texas.

## Count One:  Patent Infringement

5. Noble repeats and alleges the statements and allegations in paragraphs 1 through 4 above as if fully set forth and restated herein.

6. United States Patent No. 6,755,633 ("the '633 patent"), entitled "Process for Manufacturing Resin-Based Composite Material," was duly and legally issued on June 29, 2004, with Lester D. Miller as the named inventor.

7. Owens Corning Fiberglass Technology, Inc., the assignee listed on the '633 patent, assigned the '633 patent to Owens Corning Intellectual Capital, LLC on August 3, 2007, and Owens Corning Intellectual Capital, LLC assigned the '633 patent to Noble on September 14, 2007.

8. Noble is the lawful owner of all rights, interest in, and to the '633 patent.

9. Upon information and belief, Amerimax has been and is infringing the '633 patent within this judicial district and elsewhere by making, using, selling, and/or offering to sell products, including the Fusion$^{THP}$ fiberglass reinforced panels, and because Amerimax's manufacturing process infringes one or more claims of the '633 patent.

10. Noble has been damaged by Amerimax's infringement of the '633 patent. Noble is entitled to recover from Amerimax the damages sustained by Noble as a result of Amerimax's wrongful acts in an amount subject to proof at trial.  Amerimax's infringement of Noble's rights under the '633 patent will continue to damage Noble's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the  Court.

11. Amerimax is, and has been, aware of the '633 patent, and therefore, Amerimax's infringement of the '633 patent is willful and deliberate, and Noble is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and the award of attorneys' fees pursuant to 35 U.S.C. § 285.

## Jury Demand

12. Noble demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Noble requests the following relief:

A. A judgment finding that Amerimax has infringed the '633 patent;

B. An award of damages and other monetary relief;

C. Preliminary and permanent injunctive relief prohibiting Amerimax from infringing the '633 patent;

D. Attorneys' fees and costs in this action pursuant to 35 U.S.C. § 285;

E. Enhanced damages pursuant to 35 U.S.C. § 284;

F. Pre-judgment and post-judgment interest;

G. Costs and expenses in this action; and

H. Such other and further relief as this Court determines to be just and proper.

Respectfully submitted,

By: */s/ Kelly P. Chen*
JAMIL N. ALIBHAI
Texas State Bar No. 00793248
jalibhai@munckcarter.com
KELLY P. CHEN
Texas State Bar No. 24062664
kchen@munckcarter.com
MUNCK CARTER, LLP
12770 Coit Road, Ste. 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT NOBLE COMPOSITES, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served on all counsel of record via the Court's CM/ECF, on this 21st day of April, 2010.

> /s/ Kelly P. Chen
> **KELLY P. CHEN**